**G. D. SEARLE & CO., a corporation, Plaintiff,**

v.

**CHAS. PFIZER & CO., Inc., a corporation, Defendant.**

**No. 53 C 2407.**

United States District Court
N. D. Illinois, E. D.
March 7, 1955.

Rogers & Woodson, William T. Woodson, Beverly W. Pattishall, Lewis S. Garner, Chicago, Ill., for plaintiff.

William J. Marshall, Jr., Haight, Goldstein & Haight, Chicago, Ill., Connolly, Cooch & Bove, Arthur G. Connolly, W. H. Hutz, Wilmington, Del., for defendant.

KNOCH, District Judge.

This matter came on to be heard on the defendant's motion for summary judgment in its favor.

The Court has carefully considered the entire record, including the motion itself and the affidavits and exhibits submitted in support of and in opposition to the motion, as well as additional evidence bearing on the manner and conditions of sale. The Court has had the benefit of extensive argument of counsel presented orally and in briefs and memoranda, has studied the authorities to which reference has been made, and is fully advised in the premises.

On the basis of the whole record; having in mind not only a comparison of the appearance, packaging, price and trade names of the two products involved herein,[1] as shown in the exhibits, but also the nature of the products themselves, and the manner and conditions under which these two products are sold; and bearing in mind the effect which would be produced in the mind of the ordinary purchaser, exercising due care and caution, when confronted by the products singly presented; the Court is of the opinion that there is little likelihood that such a purchaser would be misled or deceived into accepting the product of the defendant for that of the plaintiff.

4. See "Service of Summons on Non-Resident Natural Persons Doing Business in New York", XV St. John's Law Rev., No. 1, p. 1, et seq.

1. Dramamine and Bonamine.

As plaintiff's allegation of unfair competition is dependent on the charge of colorable imitation of plaintiff's trademark, it requires no further consideration.

The defendant's motion for summary judgment in its favor will, therefore, be granted. An order in conformity with the foregoing may be presented within 5 days.